THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NICK F. GEORGEADIS, Appellant.

First Department, December 14, 1945.

*Abraham Greenberg* for appellant.

*David DuVivier, Deputy Assistant District Attorney* of counsel (*Frank S. Hogan, District Attorney*) for respondent.

*Per Curiam.* This is an appeal from a judgment by a city magistrate sitting as a Court of Special Sessions, convicting defendant of unlawfully occupying a room for policy playing and possessing policy writings in violation of section 974 of the Penal Law. The defendant was sentenced to imprisonment for nine months and was fined $500 or in default of payment to a further imprisonment not to exceed 180 days.

A certificate of reasonable doubt was granted by a justice of the Supreme Court, and pending appeal defendant was admitted to bail after he had served thirty-three days in the workhouse.

The contention that the evidence adduced upon the trial was insufficient to sustain the judgment of conviction, is without merit.

It is also urged by defendant that the judgment should be reversed because he was not accorded a fair trial. He calls attention to the lengthy remarks of the magistrate comprising some forty-two pages of the record, made, not in the course of the trial, but after defendant was found guilty. Defendant refers particularly to several statements, all made at the time the court pronounced judgment, which it is claimed manifest bias. At one point the magistrate said: " Nothing can shock the conscience of this Court insofar as the commission of crime; but bookmaking and policy playing is the most sinister, the most vicious, the most indescribable menace to organized gov-

ernment that is in force." At another place he stated: "Now, I am firmly convinced that organized vice can be completely killed and I have outlined an eight point program which, if followed diligently will, I am convinced render death for organized vice in the City of New York. It seems like a very ultraconfident and optimistic statement to make." In great detail the Trial Judge elaborated upon recommendations which he proposed for the suppression of " organized vice " and policy playing.

The courtroom is a tribunal for the administration of justice and its proceedings should be confined to the prompt and decorous dispatch of the business lawfully before it. In imposing sentence the judge should not seek popularity or publicity by critical and irrelevant dissertations or by employing exceptional severity in meting out punishment. " A judge should adopt the usual and expected method of doing justice, and not seek to be extreme or peculiar in his judgments, or spectacular or sensational in the conduct of the court." (Canon 21 of the Canons of Judicial Ethics, adopted by the New York State Bar Association, as amended January 22, 1938.)

The protracted discourse indulged in by the learned magistrate plainly indicated that he favored great severity in dealing with all defendants convicted in policy cases. Apparently he also was of the belief, not based upon any evidence in the record, that the defendant possessed information which he was unwilling to disclose concerning others engaged in policy playing. His pronounced views may, in part, explain why this defendant, fifty years of age and never before convicted of crime, was given a sentence which ordinarily is meted out to habitual offenders.

With commendable candor the District Attorney has suggested that in view of the circumstances this court, in the exercise of its discretionary power, might well reduce the sentence imposed on defendant to the time already served. We think that the recommendation is a proper one and we are persuaded that in this case it should be adopted.

The judgment should be modified by reducing the term of imprisonment to the time already served and by remitting the fine, and as so modified affirmed.

MARTIN, P. J., DORE, COHN, WASSERVOGEL and PECK, JJ., concur.

Judgment unanimously modified by reducing the term of imprisonment to the time already served and by remitting the fine, and as so modified affirmed.